# IN THE UNITED STATES DISTRICT COURT FOR THE
# EASTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| **MARSDEN VOLTAIRE ELIAS,** | ) |
| Plaintiff, | ) ) ) |
| v. | ) No. CIV 20-038-JHP |
| **THE STATE OF OKLAHOMA,** | ) ) ) |
| Defendants. | ) |

## OPINION AND ORDER

On January 31, 2020, Plaintiff, a prisoner in the custody of the Oklahoma Department of Corrections who is incarcerated at Jess Dunn Correctional Center, filed a "complaint" against the State of Oklahoma, asserting jurisdiction pursuant to 28 U.S.C. § 2254 and 28 U.S.C. § 1343. Because Plaintiff is seeking release from custody and compensation for his allegedly wrongful incarceration, the Court finds this action to be an improper attempt to present civil rights claims pursuant to 42 U.S.C. § 1983, along with habeas corpus claims. Plaintiff alleges his sentence in Washington County District Court Case No. CF-02-497 for Child Abuse is not being properly administered. He contends that when he was sentenced in 2005, his crime was not an "85% crime" under Oklahoma's 85% Rule.[1] The Department of Corrections, however, allegedly erroneously considers the crime to be an 85% crime. Such claims are not appropriate for

---

[1] Pursuant to Okla. Stat. tit. 21, §§ 12.1, 13.1, a person who is convicted of certain crimes is required to serve at least 85% of his sentence before parole can be considered.

a civil rights action. Instead, Plaintiff must present this challenge to the execution of his sentence in a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. *See Montez v. McKinna*, 208 F.3d 862, 865 (10th Cir. 2000) (holding that a § 2254 petition challenges the validity of a conviction or sentence, and a § 2241 petition attacks the execution of a sentence). The Court Clerk is directed to send Plaintiff a copy of the form for filing a § 2241 habeas corpus petition in this Court.

To the extent Plaintiff seeks compensatory damages for his allegedly unconstitutional incarceration, he first must prove his "conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus." *Heck v. Humphrey*, 512 U.S. 477, 487 (1994) (citing 28 U.S.C. § 2254). When judgment for a plaintiff in a § 1983 suit "would necessarily imply the invalidity of his conviction or sentence, . . . the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated." *Id*. Because Plaintiff has not made this showing, his claim for damages cannot proceed in this action.

Based on the foregoing reasons the Court finds the allegations in Plaintiff's complaint regarding the execution of his sentence are not proper for this civil rights action, and his claim for monetary damages cannot be adjudicated at this time.

**ACCORDINGLY,** this action is, in all respects, DISMISSED WITHOUT PREJUDICE for failure to state a claim upon which relief may be granted. *See* 28

U.S.C. § 1915A(b)(1). The Court Clerk is directed to send Plaintiff a copy of the form for filing a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241.

**IT IS SO ORDERED** this 7th day of February 2020.

_____
James H. Payne
United States District Judge
Eastern District of Oklahoma